**FILED**

MAY 30 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| THOMAS LAWSON DUNCAN and SHARON DUNCAN, <br><br>    Plaintiffs <br><br> v. <br><br> JERRY DEAN SKAGGS, STEVER TRUCKING, INC., and COLONIA INSURANCE COMPANY, <br><br>    Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CV NO. 97-HM-0469-J

**ENTERED**

JUN 02 1997

### MEMORANDUM OPINION

The above-entitled civil action is currently before the Court on the Motion to Remand filed jointly by Plaintiffs herein March 26, 1997 as amended on March 28, 1997. For the reasons hereinafter stated this Court finds that the Plaintiffs' Motion to Remand is due to be granted and it must therefore remand this civil action to the Circuit Court of Marion County, Alabama from whence it was removed.

FACTUAL AND PROCEDURAL BACKGROUND

On January 23, 1997 Plaintiffs commenced this civil action in the Circuit Court of Marion County, Alabama by filing their five-count complaint. That complaint alleges that on or about May 28, 1996 Plaintiff Thomas Duncan was operating his automobile on Highway 78 in Marion County, Alabama when Defendant Jerry Skaggs, allegedly acting within the line and scope of his employment with Defendant Stever Trucking, Inc., crashed his tractor-trailer truck into the rear end of Plaintiff Thomas Duncan's vehicle. Plaintiff Thomas Duncan alleges that he suffered permanent injury to his

shoulder, neck and back as a result of this collision. Plaintiff Thomas Duncan seeks to recover past and future lost wages as well as past and future medical expenses.

Count I of Plaintiffs' Complaint states a claim for Alabama state law negligence or wantonness. Count II asserts a claim against Defendant Stever Trucking, Inc. for negligent hiring, training and supervision pursuant to Alabama state law. Count III asserts that Defendant Colonia Insurance Company will be liable for any and all amounts incurred by Plaintiff Thomas Duncan over and above the Defendant's liability coverage pursuant to a policy of uninsured/underinsured motorist coverage Defendant Colonia Insurance issued to Plaintiff Thomas Duncan. Count IV contains a claim asserted by Plaintiff Sharon Duncan, wife of Plaintiff Thomas Duncan, for loss of consortium and society of her husband. Count V contains claims asserted against fictitious defendants only.[1] The common prayer for relief seeks an unspecified amount of damages from all defendants except Colonia Insurance Company, from whom $40,000.00 is demanded, the extent of their policy coverage.

Under date of February 26, Defendants Jerry Skaggs, Stever Trucking, Inc. [hereinafter "Stever"] and Colonia Insurance Company, Inc. [hereinafter "Colonia"] jointly filed their Notice of Removal of this civil action to this United States District Court, Jasper Division. Defendants assert that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) [diversity of

---

[1] All fictitious defendants were *sua sponte* stricken by Order of this Court dated March 3, 1997.

citizenship and amount in controversy]. On March 26, 1997 Plaintiffs jointly filed their Motion to Remand on the grounds that this Court lacks subject matter jurisdiction over this civil action. Specifically, Plaintiffs contend that Defendants have not established the existence of the requisite amount in controversy.[2]

DISCUSSION

In support of their assertion of the federal diversity jurisdiction, removing Defendants allege that Plaintiffs Thomas and Sharon Duncan are each citizens of the State of Alabama. Defendants further allege that individual Defendant Skaggs is a citizen of the State of Missouri. It is also alleged that corporate Defendant Stever is organized and exists pursuant to the laws of the State of Missouri with its principal place of business in that same state. Corporate Defendant Colonia is alleged to be a New York corporation with its principal place of business in the State of New York as well. Therefore, the removing Defendants assert that complete diversity of citizenship exists within the meaning of 28 U.S.C. § 1332(a).

Defendants' joint Notice of Removal alleges as follows with respect to the amount in controversy:

> The plaintiffs have demanded judgment against defendants Skaggs and Stever in an amount to be determined by a jury. The claims against Mr. Skaggs and Stever include wantonness and negligent entrustment,

---

[2]Two days later, on March 28, 1997 Plaintiffs filed an Amendment to their Motion to Remand. The Amendment sought to change the jurisdictional amount from $50,000.00 as stated in their original Motion to $75,000.00, the current jurisdictional minimum in federal district court. See 28 U.S.C. § 1332(a) (as amended in 1996, effective January 17, 1997).

3

       causes of action for which punitive damages are available. The plaintiffs have demanded judgment against defendant Colonia in the amount of $40,000.00 in the event that any judgment in this case exceeds that amount which may be satisfied by the other defendants. Because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because all parties are of diverse citizenship, this is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332(a), and is accordingly properly removable by the defendants pursuant to 28 U.S.C. § 1441.

Notice of Removal at ¶ 7. In their Motion to Remand, as amended, Plaintiffs claim that the above-quoted allegation is insufficient to establish federal jurisdiction. In support of this argument, Plaintiffs claim that this case is governed by *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996). In *Tapscott*, the Eleventh Circuit held that where a plaintiff's complaint makes an unspecified demand for damages, the removing Defendant(s) must prove that the amount in controversy in the removed action meets the jurisdictional amount by a preponderance of the evidence. Plaintiff asserts that the above-quoted paragraph in Defendants' joint Notice of Removal is nothing more than a conclusory prediction on the Defendants' part as to the amount in controversy in this civil action and that it fails to meet the *Tapscott* standard for diversity jurisdiction.

    In their Response to the Motion to Remand, Defendants Stever and Skaggs attempt to provide the preponderance of evidence required by *Tapscott* by citing three documents attached to their response as exhibits: a handwritten estimate by Plaintiff Sharon Duncan of the expenses incurred to date by Plaintiff Thomas Duncan (obtained through Defendants' Request for Production of Documents),

Plaintiffs' answers to written interrogatories propounded by Defendants, and the affidavit of Chris Risley, an adjuster with Defendant Stever's insurance company.

Initially, this Court has serious doubt as to whether it should even consider evidence submitted by Defendants in their Response filed April 7, 1997. In *Tapscott*, the Eleventh Circuit instructed that the removing defendants bear the responsibility of proving the existence of federal court jurisdiction. *Tapscott*, 77 F.3d at 1356. In *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994), the Court also stated, "The defendant can remove to federal court if he can show, by a preponderance of the evidence, facts supporting jurisdiction." Though this Court has been unable to find controlling authority on this point, this Court understands the Eleventh Circuit to mean that the facts constituting the preponderance of the evidence must be alleged at the time of removal for the federal court to retain jurisdiction. This reading is consistent with the Eleventh Circuit's admonition that "[r]emovability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'" *Tapscott*, 77 F.3d at 1359 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983)). If removability is ascertained with respect to the Plaintiff's pleading as of the time of removal, it seems logical that the same would apply to the Defendant's pleading. Analyzing the Defendants' Notice of Removal (quoted in relevant part above) for facts to constitute a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest

and costs, it becomes clear that removing Defendants have made only conclusory allegations bereft of meaningful or probative fact. Thus Defendants Notice of Removal alone does not meet the *Tapscott* burden of proof with respect to amount in controversy.

Even if this Court were to consider the Response to Plaintiffs' Motion to Remand, removing Defendants would still have failed to prove the amount in controversy by a preponderance of the evidence. First, in their response, removing Defendants rely heavily on certain notes and answers to written interrogatories obtained through the process of discovery. This Court's file reveals that Defendants filed the interrogatories and requests for production of documents on Plaintiffs while this case was still in Marion County Circuit Court on February 13, 1997. Thirteen days later, on February 26, 1997 this civil action was removed to this United States District Court.

Local Rule 26.1 prohibits the commencement of discovery in civil actions in this Court. Thus, when this action was removed to this Court, all discovery should have ceased immediately. Moreover, discovery could only resume after the Parties' Planning Meeting required by Rule 26 of the Federal Rules of Civil Procedure. The parties to this action telephonically conducted their planning meeting on March 26, 1997. After inquiring with the Marion County Circuit Court Clerk as to the filing date of the answers to the Defendants' interrogatories and requests for production, this Court learned that these answers had been filed in Marion County Circuit Court on March 31, 1997. This Court finds it

6

extremely difficult to believe and frankly cannot believe that the discovery process was suspended as required during the period following removal but prior to the date of the Rule 26 parties' planning meeting, i.e. from February 26, 1997 to March 26, 1997. Moreover, since this case had been removed to this United States District Court for over a month on March 31, 1997, this Court is at a complete loss to understand why counsel of record for Plaintiffs filed their Answers to Defendants' written interrogatories and requests for production of documents in Marion County Circuit Court on that date or why they were accepted for filing in that court. Nonetheless, this Court declines to consider the proof offered in removing Defendants' Response to Plaintiff's Motion to Remand which was derived from the discovery apparently conducted during the prohibited period.

The other source of proffered proof of the amount in controversy in this civil action is contained in and drawn from the Affidavit of Chris Risley. Removing Defendants cite this Affidavit for alleged admissions by Plaintiff Thomas Duncan to representatives of the defendants that his claims for lost wages alone would exceed $250,000.00 and for Plaintiffs' rejection of an offer of $60,000.00 in settlement of their claims. From the Affidavit, it appears that both of these statements were made in the course of settlement negotiations. As such, they are inadmissible pursuant to Rule 408 of the Federal Rules of

Evidence.[3]

After the exclusion of the evidence obtained through discovery conducted during the prohibited period and the exclusion of the statements made during settlement negotiations, all that remains of removing Defendants' Response is their conclusory statements regarding the amount in controversy in this action, which prove nothing.

This Court will also make a few of its own observations regarding the amount in controversy in this civil action not raised by any party litigant. First, the general rule in removal cases is that the amounts sought by the plaintiffs for separate claims may not be aggregated to reach the jurisdictional amount. *See Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 779 (5th Cir. 1963); *Shelley v. Southern Bell Tel. & Tel. Co., Inc.*, 873 F. Supp. 613, 615 (M.D. Ala. 1995)(Albritton, J.); Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3704 (1985 & Supp. 1997). The only claim asserted by Plaintiff Sharon Duncan is loss of consortium. This Court's independent analysis of Plaintiff Sharon Duncan's claim for loss of consortium is that it falls well below the Court's jurisdictional threshold of $75,000.00. Thus, even if this Court had jurisdiction over Plaintiff Thomas Duncan's claims it would be forced to sever and remand Plaintiff Sharon Duncan's claim for lack of subject matter jurisdiction.

Secondly, this Court is not convinced that there is an actual

---

[3]The Federal Rules of Evidence apply to this proceeding. *See* Fed. R. Evid. 1101.

controversy between Plaintiff Thomas Duncan and Defendant Colonia. Defendant Colonia insured Plaintiff against losses caused by uninsured or underinsured motorists. Plaintiff Thomas Duncan has sued Defendant Colonia without any allegation that Colonia has breached the contract of insurance, that Plaintiff Thomas Duncan has had a claim under his policy with Colonia wrongfully denied, or that he has made or is even entitled to make such a claim at this point in time. This Court considers all claims against Defendant Colonia as of the time of removal to be absolutely worthless.

In sum, this Court finds that removing Defendants have failed to meet the *Tapscott* requirement that they prove by a preponderance of the evidence that the amount in controversy in this civil action exceeds the sum or value of $75,000.00, exclusive of interest and costs. In light of this finding, this Court finds that it lacks subject matter jurisdiction over this case and that Plaintiffs' Motion to Remand is due to be granted.

## CONCLUSION

For the foregoing reasons, this Court is of the opinion and holds that this Court lacks subject matter jurisdiction over the above-entitled civil action and accordingly that the Motion to Remand filed by Plaintiffs on March 26, 1997 is due to be granted. An appropriate order in conformity with this Memorandum Opinion is contemporaneously entered.

DONE this 30th day of May, 1997.

_____
E.B. HALTOM, JR.
SENIOR UNITED STATES DISTRICT JUDGE

<u>FLORENCE, ALABAMA ADDRESS</u>:

U.S. District Court
Northern District of Alabama
U.S. Post Office & Courthouse
210 North Seminary Street
P.O. Box 1076
Florence, AL 35630
Telephone: (205) 760-8415